IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT DOLEMBA, on behalf of plaintiff and the class defined below, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| TOPS SOFTWARE OF FLORIDA, LLC, TOPS SOFTWARE OF MARYLAND, LLC, and JOHN DOES 1-10, | ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.    Plaintiff Scott Dolemba brings this action to secure redress from unlawful practices engaged in by defendants Tops Software of Florida, LLC and Tops Software of Maryland, LLC, both formerly known as and currently doing business as Tops Software LLC. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/2.

2.    The TCPA restricts the use of automated equipment to dial cellular telephones.

### VENUE AND JURISDICTION

3.    This Court has jurisdiction under 28 U.S.C. §§1331 (federal question), 1337 (commerce), and 1367 (supplemental jurisdiction).

4.    Venue and personal jurisdiction in this District are proper because:

    a.    Defendants' communications were received by plaintiff in this District;

    b.    Defendants transact business within this District.

### PARTIES

5.    Plaintiff Scott Dolemba is an individual who resides in the Northern District of Illinois.

1

6. Defendant Tops Software of Florida, LLC, is a Florida limited liability company with its office located at 2495 Enterprise Rd., Ste. 200, Clearwater, FL 33763. It was formerly known as Tops Software, LLC. Its registered agent is Jeffrey S. Hardy at the same address.

7. Defendant Tops Software of Maryland, LLC is a Maryland limited liability company. It was formerly known as Tops Software, LLC. Its registered agent and office is Gerald K .Gimmel, Suite 145, 4 Professional Drive, Gaithersburg, Maryland 20879.

8. Defendants Tops Software of Florida, LLC and Tops Software of Maryland, LLC are hereinafter referred to as "Tops Software".

9. Defendant John Does 1-10 are other natural or artificial persons that were involved in the calls described below. Plaintiff does not know who they are.

## FACTS

10. On February 9, 2018, at about 6.34 pm Central time, plaintiff received a telephone call on his cell phone from 800-760-9966. Exhibit A is a copy of the call log.

11. Plaintiff did not answer the call when it came in. It delivered a message using a recorded voice promoting the "CAMfire conference," which was left on plaintiff's voicemail. Plaintiff retrieved the voicemail subsequently. Exhibit B is a transcript of the voicemail message, which was not addressed to plaintiff personally.

12. Defendants placed the call to plaintiff's cell phone.

13. Defendants arrange and promote the CAMfire conference, which is held annually.

14. "The CAMfire Conference is a gathering of Community Association Management professionals, thought leaders and TOPS users in an open, engaging environment." (http://www.camfire-conference.com/docs/CAMfire%20Partner%20Prospectus%202018.pdf) Defendant charges between $169 – $3,750 for attendance and conducting displays at the conference. (https://www.eventbrite.com/e/camfire-2018-tickets-33432864598#tickets)

15. Defendants sell TOPS software, which is sold for the purpose of "Managing Condos, HOAs and Co-Ops". (http://www.topssoft.com) "TOPS simplifies community

association management. Through integrated accounting, management and automation technologies, TOPS helps condo and HOA management companies streamline their business. With TOPS, you can focus on what's actually important: delighting your customers." (https://www.eventbrite.com/e/camfire-2018-tickets-33432864598)

16. Plaintiff may have received other calls from Defendants as well. Discovery may reveal additional automated telemarketing calls as well.

17. Plaintiff did not authorize the automated placement of calls to his cell phone.

18. Defendants Tops Software are responsible for making or causing of the unsolicited phone calls.

19. Plaintiff has no prior relationship with defendants and had not authorized the automated phone calls to his cell phone. Plaintiff did not furnish his cell phone number to Defendants.

20. On information and belief, the calls were placed using an automated telephone dialing system which had the capacity to produce or store and dial randomly or sequentially, and/or used an artificial or pre-recorded voice message system.

21. Defendants Tops Software as the entities whose products or services were advertised, derived economic benefit from the calls and the products and services promoted therein.

22. On information and belief, the unsolicited, automated phone calls were made as part of a mass broadcasting of automated, unsolicited phone calls.

23. On information and belief, defendants have made unsolicited, automated phone calls to the cellular telephones of at least 40 other persons in Illinois.

24. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited, automated calls to avoid receiving them.

25. Defendants Tops Software either negligently or willfully violated the rights of plaintiff and other recipients in making or arranging for the calls.

26. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited, automated calls. The messages take time to retrieve, use memory and reduce battery life, and are annoying. Furthermore, plaintiff's statutory right of privacy was invaded.

27. Defendants should be enjoined from committing similar violations in the future.

## COUNT I – TCPA

28. Plaintiff incorporates paragraphs 1-27.

29. The TCPA, 47 U.S.C. §227, provides:

> **§ 227. Restrictions on use of telephone equipment**
>
> **. . . (b) Restrictions on use of automated telephone equipment.**
>
> **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**
>
> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**
>
> **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

30. The TCPA, 47 U.S.C. §227(b)(3), further provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal**

> **to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

31. Defendants violated the TCPA by using equipment that placed automated calls to plaintiff and other members of the putative class' cell phones.

32. Plaintiff and each class member is entitled to statutory damages.

33. Plaintiff and the putative class members suffered actual damages in the form of monies paid to receive the unsolicited, automated robocalls and their statutory right of privacy was invaded.

34. Defendants violated the TCPA even if their actions were only negligent.

35. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

36. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. § 1658), (c) received calls from defendants Tops Softward on their cell phones, (d) placed using an automated dialer or a prerecorded or artificial voice.

37. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

38. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

   a. Whether defendants engaged in a pattern of using automated equipment to place phone calls to cellular telephones;

   b. The manner in which defendants obtained the cell phone numbers; and

   c. Whether defendants thereby violated the TCPA.

39. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel has any interests which might cause them not

to vigorously pursue this action.

40. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

41. Several courts have certified class actions under the TCPA. Telephone call and text message cases include: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv.*, 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012). Other cases include: *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core*

*Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

42. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    (a) Statutory damages;

    (b) An injunction against the further violations;

    (c) Costs of suit; and

    (d) Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

43. Plaintiff incorporates paragraphs 1-27.

44. Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by making unauthorized robocalls to plaintiff's cell phone.

45. Defendants' conduct is contrary to public policy, as set forth in the TCPA.

46. Plaintiff and the putative class members suffered damages in the form of monies paid to receive the unsolicited, automated robocalls, reduced battery life and use of memory. Their statutory right of privacy was also invaded.

47. Defendants engaged in such conduct in the course of trade and commerce.

48. Defendant's shifting of costs to plaintiff and the class members in this manner makes such practice unfair.

49. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

50. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with phone numbers in the Illinois area codes (b) who, on or after a date 3 years prior to the filing of this action, (c) received calls from defendants Tops Software on their cell phones, (d) placed using an automated dialer or a prerecorded or artificial voice.

51. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

52. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of using automated equipment to place phone calls to cellular telephones;

    b. The manner in which defendants compiled or obtained their list of telephone numbers; and

    c. Whether defendants thereby violated the ICFA.

53. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel has any interests which might cause them not to vigorously pursue this action.

54. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

55. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

56. Management of this class action is likely to present significantly fewer difficulties

than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

      (a)     Statutory damages;

      (b)     An injunction against further violations;

      (c)     Costs of suit;

      (d)     Such other or further relief as the Court deems just and proper.

                       s/ Daniel A. Edelman
                         Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus
EDELMAN, COMBS, LATTURNER
& GOODWIN, jL.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX) (may use for service of pleadings)
Email address for service: courtecl@edcombs.com

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman<br>Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX) (may use for service of pleadings)
Email address for service: courtecl@edcombs.com